**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY THORN, <br><br> Plaintiff, <br><br> v. <br><br> NEW CASTLE COUNTY, a governmental entity, JOHN DOE #1, in his individual capacity and as a New Castle County Police Officer, JOHN DOE #2, in his individual capacity and as a New Castle County Police Officer, and JOHN DOE #3, in his individual capacity and as a New Castle County Police Officer, <br><br> Defendants. | C.A. No. 21-1024-RGA |

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Thorn filed this action against New Castle County and three New Castle County police officers. Defendants moved to dismiss eleven of Plaintiff's twelve claims. (D.I. 9.) For the reasons announced from the bench on July 14, 2022, I recommend that Defendants' motion be GRANTED-IN-PART and DENIED-IN-PART.

**I.    DISCUSSION**

My Report and Recommendation was announced from the bench on July 14, 2022, as follows:

> This is my Report and Recommendation on Defendants' motion to dismiss. (D.I. 9.) I will summarize the reasons for the Report and Recommendation in a moment, but before I do, I want to be clear that my failure to address a particular argument advanced by a party does not mean that I did not consider it. We have carefully considered the complaint (D.I. 1) and the parties' briefs (D.I. 10, 13, 14) . . . . We will not be issuing a separate opinion, but we will issue

a written document incorporating the [recommendation] that I am about to state.

For the following reasons, Defendants' motion [should] be granted-in-part and denied-in-part.

On the afternoon of July 15, 2019, Plaintiff was working in his home office when he heard male voices coming from his downstairs living room.[1] Plaintiff went out into his hallway and saw red dots projected onto the wall, which he believed were coming from the laser scope of a firearm. He yelled that he was coming out with his hands up, and he slowly walked down the hallway of his home and towards the stairs. When he reached the corner of his hallway leading to the stairs, he extended his hands around the corner first and then came around the corner with his hands up.

At the bottom of Plaintiff's stairway was a uniformed New Castle County police officer, referred to in the Complaint as John Doe #1. Doe #1 had a firearm drawn and pointed at Plaintiff. Doe #1 then holstered his firearm. Plaintiff came down his stairs and noticed another uniformed New Castle County police officer, John Doe #2, in the living room.

Plaintiff asked the officers why they were there. Neither answered the question. Doe #2 told Plaintiff that the officers needed to search Plaintiff's basement. Plaintiff asked if they had a warrant. The officers didn't answer that question either, and they left Plaintiff's house. As the officers walked down the driveway, Plaintiff yelled, "What the [expletive] are you doing in my house?" and "Why the [expletive] are you pointing guns at me?" The officers responded, "Thank you, thank you."

Plaintiff saw another New Castle County officer, John Doe #3, standing in the street with a German Shepherd. Plaintiff yelled at Doe #3 as well. Doe #3 told Plaintiff "to come out into the [expletive] street," which Plaintiff interpreted as taunting. Plaintiff remained on his own property. The officers then walked away.

The officers did not have an arrest warrant for Plaintiff or a search warrant for his house. Plaintiff later learned that the police had been chasing a suspect in the neighborhood and that the suspect was apprehended a few blocks from Plaintiff's house.

---

[1] The facts are taken from the allegations in Plaintiff's Complaint. (D.I. 1, ¶¶ 12–29, 35–41, 71–74.) I assume the allegations to be true for purposes of resolving this motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff filed this action on July 14, 2021. The Complaint contains twelve counts and names as defendants Does #1–3, in their individual capacities, and New Castle County. Counts I, III, and IV allege that Officers Doe #1 and Doe #2 are liable under 42 U.S.C. § 1983 for violating Plaintiff's constitutional right to be free from unreasonable searches and seizures. Count V is a *Monell*[2] claim against New Castle County.

The remainder of the counts are federal and state claims against Does #1–3. On October 22, 2021, Defendants moved to dismiss every count except Count III[3] for failure to state a claim.[4] (D.I. 9.) In response to the motion, Plaintiff indicated that he was "abandoning" Counts II and VI–XII. (D.I. 13 at 1; D.I. 15.) Plaintiff is still pursuing Counts I, III, IV, and V. Since everyone agrees that Count III should move forward, at issue in this motion are Counts I, IV, and V.

Count I alleges that Officers Doe #1 and Doe #2 used excessive force against Plaintiff. Count IV alleges that the same officers violated Plaintiff's right to be free from unreasonable seizures. I consider these two counts together because they are different ways of articulating a claim for violation of the same

---

[2] *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that a municipality may be held liable under 42 U.S.C. § 1983 where a constitutional injury is caused by a municipal policy or custom).

[3] Count III alleges that Officers Doe #1 and Doe #2 violated Plaintiff's Fourth Amendment right to be free from unreasonable searches.

[4] A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.* Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, I must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id*. at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quotation omitted).

3

constitutional right: citizens have a Fourth Amendment right to be free from unreasonable seizures, and a seizure effected through excessive force is unreasonable and thus violates the Fourth Amendment.

I reject Defendants' contention that the Complaint fails to plausibly allege that Plaintiff was "seized." (D.I. 10 at 15.) In *California v. Hodari D.*, the Supreme Court held that a seizure requires either physical force or, where that is absent, submission to a show of authority.[5] A show of authority is a set of circumstances where police conduct would have communicated to a reasonable person that they were not free to leave.[6] The Complaint here plausibly alleges that Plaintiff submitted to a show of authority when he put his hands up in response to Doe #1 drawing his firearm.

Defendants also contend that the Complaint fails to allege excessive force and/or an unreasonable seizure because "no force was used against Plaintiff." (D.I. 10 at 13.) I also reject that argument. A seizure can be unreasonable even if the officer doesn't lay hands on the person being seized.[7]

Defendants point to evidence outside of the Complaint in support of their arguments that they acted reasonably under the circumstances and that they are entitled to qualified immunity.[8] But this is a motion to dismiss, so the Court cannot consider evidence outside of the Complaint and must view the allegations in the light most favorable to Plaintiff. Viewed in that light, the Complaint plausibly alleges that Plaintiff was seized by Doe #1 and that the seizure was unreasonable. Plaintiff was in his home when officers entered without a search or arrest warrant. Doe #1 drew his firearm, causing Plaintiff to put his hands up. That is enough to plausibly allege an unreasonable seizure.

---

[5] 499 U.S. 621, 627 (1991); *United States v. Waterman*, 569 F.3d 144, 146 (3d Cir. 2009).

[6] *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *Hodari D.*, 499 U.S. at 627.

[7] *E.g., Brendlin v. California*, 551 U.S. 249, 262–63 (2007) ("[An individual] sitting in a chair may submit to authority by not getting up to run away."); *United States v. Lowe*, 791 F.3d 424, 434 (3d Cir. 2015) ("[W]e hold that when a stationary suspect reacts to a show of authority by not fleeing, making no threatening movement or gesture, and remaining stationary, he has submitted under the Fourth Amendment and a seizure has been effectuated.").

[8] Qualified immunity shields the officers from liability unless they violated Plaintiff's clearly established constitutional rights. *Lamont v. New Jersey*, 637 F.3d 177, 182 (3d Cir. 2011).

It is possible that discovery will reveal that Plaintiff was not seized, that Doe #1 acted reasonably under the circumstances, that the brevity of any seizure weighs in favor of a finding that it was reasonable, or—relevant to qualified immunity—that the actual facts of the officers' actions did not amount to a violation of clearly established law.[9]  All I can say at this stage is that the allegations in the Complaint plausibly state a Fourth Amendment violation by Doe #1, and it is plausible that Doe #1 is not entitled to qualified immunity.

However, I agree with Doe #2 that the Complaint fails to plausibly allege that he was personally involved in seizing Plaintiff.[10]

Accordingly, Counts I and IV should be dismissed as to Doe #2 but not Doe #1.

I'll now turn to Count V, the *Monell* claim against New Castle County.  While the Complaint plausibly alleges an illegal search and seizure by New Castle County officers, the County's liability under § 1983 "may not be proven under the respondeat superior doctrine but must be founded upon evidence that the [County] itself supported a violation of constitutional rights."[11]

To succeed on a *Monell* claim, a plaintiff must demonstrate (among other things) the existence of a municipal policy or custom and that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged.[12]  A government's failure to act, such as a failure to train or discipline employees, can be deliberate conduct, but only if policymakers consciously ignored evidence of the deficiency and dismissed an opportunity to fix it—that is, if they showed "deliberate

---

[9] *See Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002) ("[F]actual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right.").

[10] *See Williams v. City of York, Pa.*, 967 F.3d 252, 261 (3d Cir. 2020) ("A plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the personal involvement of each named defendant to survive summary judgment and take that defendant to trial." (quotation omitted)).

[11] *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

[12] *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

indifference" to individuals' constitutional rights.[13]   To survive a
motion to dismiss, a plaintiff is not required to identify the specific
custom and its inadequacy,[14] but the complaint must still contain
facts supporting both a plausible inference that there is a policy or
custom that caused plaintiff's injury and a plausible inference that
the municipality was the deliberate, moving force behind it.

Plaintiff's Complaint does neither.  The Complaint alleges
that (1) nearly twenty years ago, some New Castle County officers
allegedly mistook an individual for a burglar during a stakeout, but
the resulting lawsuit resulted in a verdict for the officers; (2) ten
years ago, different New Castle County officers allegedly raided the
wrong home, and the resulting lawsuit was resolved with a
stipulation of dismissal; (3) five years ago, different New Castle
County officers allegedly used excessive force when they responded
to a call for a medical emergency, and the resulting lawsuit was
resolved with a stipulation of dismissal; and (4) last year, an
individual sued New Castle County officers and the County for
allegedly using significant physical force while arresting him, but
the court dismissed the individual's *Monell* claim against the County
because the complaint failed to allege a pattern of violations or an
obvious need for more training.[15]

Those allegations do not plausibly suggest that New Castle
County has a policy or custom that led to the Fourth Amendment
violations alleged here.  At best, the Complaint identifies four
sporadic Fourth Amendment violations by different county officers
over a twenty-year period, and none of the facts alleged in those
cases resembles the intrusion alleged in this case.  Nor does the
Complaint contain any facts plausibly suggesting that the County
was aware of and/or deliberately indifferent to the need for officer
training.  Even if the Court assumed the truth of every allegation in
the cited cases, the nature of the alleged misconduct demonstrates

---

[13] *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Carter v. City of Philadelphia*, 181
F.3d 339, 356–57 (3d Cir. 1999).

[14] *Carter*, 181 F.3d at 356–57.

[15] Plaintiff incorrectly said in his Complaint that *Brown v. Evans*, C.A. No. 21-651-SB, is
ongoing against New Castle County.  Brown's claims against the County were dismissed on
October 25, 2021, for failure to allege a plainly obvious need for more training or a pattern of
violations.  (C.A. No. 21-651, D.I. 17 at 11–12.)

no pattern that would put the county on notice that more officer training was needed.[16]

Plaintiff's *Monell* claim fails.

## II.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (D.I. 9) should be GRANTED-IN-PART and DENIED-IN-PART:

1. As to Counts I and IV, the motion should be DENIED for John Doe #1 but GRANTED for John Doe #2.

2. The motion should be GRANTED as to Counts II and V–XII.

3. The only claims that should proceed are Counts I and IV (against John Doe #1) and Count III (against John Doe #1 and John Doe #2).  All claims against Defendants New Castle County and John Doe #3 should be dismissed without prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

---

[16] To plausibly suggest deliberate indifference, a complaint must contain allegations suggesting a pattern of similar, preventable violations or a specific need for additional training "so obvious[] and . . . so likely to result in the violation of constitutional rights[] that the policymakers . . . can be reasonably said to be deliberately indifferent to the need." *Thomas v. Cumberland County*, 749 F.3d 217, 224 (3d Cir. 2014); *see also Carter*, 181 F.3d at 356–57 (reversing dismissal of *Monell* claim when complaint alleged pattern of similar constitutional violations that reasonably suggested officers received inadequate training about perjury).

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R.

Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: July 20, 2022

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE